**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3251

| | |
|---|---|
| MAXINE JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division |
| v. | |
| | No. 04 C 8021 |
| ILLINOIS COMMERCE | |
| COMMISSION, | Ronald A. Guzmán, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Maxine Johnson, a customer of People's Light Gas & Coke Company ("People's") has been engaged in a billing dispute with People's for several years. Unable to resolve her dispute with People's directly, Johnson filed a formal complaint with the Illinois Commerce Commission ("ICC"), alleging that People's failed to credit her account for a $200 payment she made and subsequently disconnected her gas service for nonpayment. She requested, among other things, a

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

$200 credit to her account and restoration of her gas service. Following several hearings, the ICC denied Johnson's complaint and dismissed it with prejudice. Johnson petitioned the ICC for rehearing, but Johnson's petition for rehearing was denied. Rather than seek judicial review of the ICC's order in state court, *see* Ill. Admin. Code tit. 83, § 200.890; 200 Ill. Comp. Stat. 5/10-201(a), Johnson then brought suit against the ICC in federal district court, alleging consumer fraud, corporate misconduct, malicious conspiracy to defraud, and violations of the Illinois Public Utilities Act, 220 Ill. Comp. Stat. 5/1-101 *et seq.*, Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. § 1961, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The district court dismissed for lack of subject matter jurisdiction.

On appeal Johnson challenges the district court's determination that the ICC is a state agency that enjoys immunity from suit in federal court. The Eleventh Amendment bars federal jurisdiction over suits brought against unconsenting states by citizens of other states as well as by its own citizens. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974). Eleventh Amendment immunity applies to state agencies the same way it applies to states. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *MCI Telecomm. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000).

We have long recognized that the ICC is a state agency. S*ee MCI Telecomm. Co.*, 222 F.3d at 336-344; *Ill. Bell Tel. Co. v. Worldcom Tech., Inc.*, 157 F.3d 500, 501 (7th Cir. 1998); *Fuchs v. Rural Elec. Convenience Coop., Inc.*, 858 F.2d 1210, 1217 (7th Cir. 1988); *Illinois v. Interstate Commerce Comm'n*, 713 F.2d 305, 309 (7th Cir. 1983). And Johnson presents no argument that an exception to sovereign immunity applies in this case. *See Luellen v. City of E. Chi.*, 350 F.3d 604, 612 (7th Cir. 2003) (explaining that arguments not raised on appeal are waived). Thus the district court was correct that it lacked jurisdiction over this matter and properly dismissed the case.

Johnson contends, however, that the dismissal was with prejudice because the district court dismissed the case "in its entirety." Dismissal for lack of subject matter jurisdiction is without prejudice. *See Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997). We agree with Johnson that the district court's order could be interpreted to dismiss the case with prejudice. We therefore modify the dismissal to be without prejudice to Johnson's refiling her claim in state court.

Because jurisdiction is absent, we do not address Johnson's challenge to the timeliness of the ICC's motion to dismiss. And, given our agreement with the district court's analysis, Johnson's motion for appointment of counsel is denied.

For the foregoing reasons, we AFFIRM the district court's decision but modify the dismissal to be without prejudice.